UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Ryan RONDINA, *Plaintiff*, | ) ) ) | 3:19-CV-01699 (KAD) |
| v. | ) ) | |
| Richard FEIGENBAUM, *Defendant*. | ) ) ) | NOVEMBER 8, 2021 |

**ORDER DENYING MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM, ECF NO. 60**

Kari A. Dooley, United States District Judge:

Title 28 U.S.C. Section 2201(a), the Declaratory Judgment Act, provides in pertinent part:

> In a case of actual controversy **within its jurisdiction** . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . .

(emphasis added). A plaintiff seeking relief under the Declaratory Judgement Act must demonstrate that the case and controversy between the parties is within the Court's subject matter jurisdiction. *Sikorsky Aircraft Corp. v. Lloyds TSB General Leasing (No. 20) Limited,* 774 F. Supp 2d 431, 437 (D. Conn. 2011). "'The declaratory judgment statute does not confer jurisdiction on a district court,' and 'a complaint seeking a declaratory judgment is to be tested, for purposes of the well-pleaded complaint rule, as if the party whose adverse action the declaratory judgment plaintiff apprehends had initiated a lawsuit against the declaratory judgment plaintiff.'"[1] *Id.* at 437–38 (quoting *Fleet Bank, N.S. v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998)).

---

[1] In this case, there is no "as if" in the analysis because as the Plaintiff (the party whose adverse action the declaratory judgment plaintiff apprehends) did, in fact, initiate a lawsuit against the declaratory judgment plaintiff, the Defendant.

Here, Plaintiff seeks dismissal of the counterclaim because it does not invoke the Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. While Plaintiff's observation that the counterclaim does not invoke federal question jurisdiction is correct, Plaintiff's argument is puzzling. There is no requirement that declaratory actions be founded on federal question jurisdiction: To the contrary, other sources of jurisdiction—to include diversity jurisdiction pursuant to 28 U.S.C. § 1332—can sufficiently support this Court's subject matter jurisdiction in a declaratory judgment action. *See, e.g.*, *Lighton Indust., Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp. 3d 167, 180–81 (E.D.N.Y. 2018) (finding diversity jurisdiction in a declaratory judgment action); *Sikorsky Aircraft Corp. v. Lloyds, supra* (finding that although the Plaintiff had not adequately established diversity jurisdiction, the claims arising out of the court's admiralty jurisdiction established subject matter jurisdiction to hear a declaratory judgment action). Plaintiff himself invoked this Court's diversity jurisdiction in his Complaint, and he offers no argument as to why this Court now lacks such jurisdiction. Indeed, it would be an oddity to have subject matter jurisdiction over a complaint based upon diversity but to be without subject matter jurisdiction as to a counterclaim between the same parties.

Moreover, Plaintiff's jurisdictional argument is limited to attacking the Court's subject matter jurisdiction on the ground discussed above and does not include any assertion that the Court should decline to exercise its discretion to hear the declaratory judgement action. *See Dow Jones & Company, Inc. v. Harrods Limited,* 346 F.3d 357, 359–60 (2d Cir. 2003). The Court therefore does not take up the issue.[2]

---

[2] In his opposition to the motion to dismiss, the Defendant argues that the counterclaim presents a "case and controversy" for purposes of the Declaratory Judgement Act and cites a number of cases which discuss this requirement. It is unclear why the Defendant briefed an issue that does not appear to have been raised by the Plaintiff, and Plaintiff makes clear in his reply that he makes no assertion that the counterclaim does not present a "case or

Plaintiff's alternative argument is that the request for declaratory relief is not plausibly alleged. This argument is advanced without any analysis, is wholly conclusory, and is rejected.

The motion to dismiss is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of November 2021.

                                                           */s/ Kari A. Dooley*
                                                           KARI A. DOOLEY
                                                           UNITED STATES DISTRICT JUDGE

---

controversy" for purposes of the Declaratory Judgment Act. Rather he reiterates his argument that Defendant's counterclaim lacks subject matter jurisdiction because the counterclaim is not predicated on a federal question. And in support, Plaintiff's reply points out that each of the cases relied upon by the Defendant in his "case and controversy" argument involved federal question jurisdiction. As discussed above, Plaintiff is simply wrong that actions brought pursuant to the Declaratory Judgment Act must be predicated on federal question jurisdiction.